Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)  15BI

Cat 4
IFP

# UNITED STATES DISTRICT COURT
for the
Western District of PA

Erie Division

Nigel C. Sykes
Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Patricia Thompson
Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 1:25-CV-113
(to be filled in by the Clerk's Office)

Jury Trial: (check one) ☑ Yes ☐ No

RECEIVED
APR 30 2025
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Nigel Byxo(?)
Address: 907 MacDade Blvd
City: Yeadon   State: PA   Zip Code: 19050
County: Delaware
Telephone Number: 302-
E-Mail Address:

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Patricia Thompson
Job or Title: Superintendent
Address: 10745 RT 18
City: Albion   State: PA   Zip Code: 16475
County: Erie
Telephone Number: 814-756-5778
E-Mail Address:
☑ Individual capacity  ☑ Official capacity

Defendant No. 2
Name: Lt. Bashos
Job or Title: PREA Coordinator
Address: 10745 RT 18
City: Albion   State: PA   Zip Code: 16475
County: Erie
Telephone Number: 814-756-5778
E-Mail Address:
☑ Individual capacity  ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
Name: John Doe
Job or Title (if known): Correctional officer
Address: 10745 RT 18
Albion, PA 16475
City / State / Zip Code
County: Erie
Telephone Number: 814-756-5778
E-Mail Address (if known):

[✓] Individual capacity    [✓] Official capacity

Defendant No. 4
Name: Jane Doe
Job or Title (if known): Correctional officer
Address: 10745 RT 18
Albion, PA 16475
City / State / Zip Code
County: Erie
Telephone Number: 814-756-5778
E-Mail Address (if known):

[✓] Individual capacity    [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIGEL SYKES,** | : |
| Plaintiff, | : CIVIL ACTION NO. _____ |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **Patricia Thompson, Superintendent;** | : |
| **LT BASHOR, PREA Coordinator;** | : |
| **JOHN DOE;** | : |
| **JANE DOE;** | : |
| Defendants. | : |

## COMPLAINT

1. Plaintiff Nigel Sykes was incarcerated at the Pennsylvania State Correctional Institution at Albion ("SCI Albion") during the incident alleged in the complaint. He was released from incarceration on [April 22nd 2025 and currently resides in Wilmington, Delaware.

2. Defendant Patricia Thompson was the Superintendent at SCI Albion. She is responsible for the oversight, operation, and administration of SCI Albion.

3. Defendant Bashor is the PREA Coordinator at SCI Albion.

4. Defendant John Doe was employed by the Pennsylvania Department of Corrections as a correctional officer at all times relevant to this complaint.

5. Defendant Jane Doe was employed by the Pennsylvania Department of Corrections as a correctional officer at all times relevant to this complaint.

6. All defendants are sued in their individual capacities and acted under color of state law.

7. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

1

8. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate Plaintiff's state law claims.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claims occurred in Erie County, Pennsylvania, which is in the Western District of Pennsylvania.

10. SCI Albion is a Pennsylvania state prison for men.

11. On April 27th 2023 at approximately 3:00am I was sexually assaulted by John Doe who's a correctional officer at SCI- Albion in Albion Pennsylvania.

12. On the above date and time, the defendant John Doe entered my cell (front dorm f-A block cell block) while I was sleeping, and started touching me on my buttocks and penis. As I was sleeping, I felt a hand grabbing and rubbing me on my buttocks and penis. The grabbing and touching continued even as I rolled over and adjusted my body position in the bed.

13. I eventually woke up out of my sleep and noticed a dark shadowy figure running away from my bed into the bathroom area of the cell. I then jumped down from the top bunk to confront who I thought was another inmate. As I came into the bathroom area of the cell to confront the person who had just been touching me, I immediately noticed it was a correctional officer and not another inmate.

14. I didn't recognize him and don't remember seeing him before or after the incident on April 27, 2023.

15. I asked the defendant John Doe why was he in my cell and why was he was touching me like that and he said "O don't worry about it; everything is ok I'm just doing security checks just go back to sleep" I then said "that's bullshit, why the fuck were you touching me like

that" the defendant then said "I'm just doing checks its fine just go back to sleep" the defendant did not say anything after that he was silent as I was standing in front of him. At that moment I noticed that the cell door was closed and the defendant was actually locked in the cell with me.

16. It was very unusual for a correctional officer to be locked in a cell with incarcerated people. I had never seen that happen before.

17. As I was standing face to face with the defendant John Doe, still questioning him about why he was touching me, defendant Jane Doe approached the outside of the cell door and said "O my god" then she opened the cell door to let the defendant John Doe out of the cell. The defendant then left the cell and closed it behind him.

18. Based on her response, it seemed like Jane Doe knew that John Doe had been assaulting me because she did not ask any questions but seemed to know that something was wrong.

19. Jane Doe's quick response to seeing John Doe in my cell suggests that she had seen or been aware of him assaulting other incarcerated people in a similar way before the incident on April 27, 2023.

20. Prison Rape Elimination Act (PREA) regulations and DOC policy require that DOC staff immediately report any knowledge, suspicion, or information of sexual abuse of an incarcerated person and staff neglect or violation of responsibilities that may have contributed to such abuse.

21. Upon information and belief, Defendant Jane Doe did not report seeing Defendant John Doe in my cell that night.

22. Upon information and belief, Defendant Jane Doe had not previously reported any incidents of seeing Defendant John Doe behaving inappropriately with incarcerated people.

23. After the defendant John Doe left the cell, I immediately woke up my cell mate Antoine Fordham and explained to him what had just happened to me. He said that he heard the commotion but did not get up to see what was going on. I was very distraught and crying about what had just happened to me as I was explaining the incident to cellmate Mr. Fordham.

24. That same morning at approximately 9:00am I reported the incident to the F-A block counselor Ms. Herr. I explained to her what happened to me in detail. The counselor then classified my complaint as a (PREA) Prison Rape Elimination Act complaint.

25. The following days and weeks I was interviewed by mental health staff and the PREA coordinator, Defendant Bashor. I spoke with the PREA coordinator and explained everything that had happened that night of the incident. After explaining what happened she informed me that she had already been doing her preliminary investigation and said that my complaint had merit based on video footage that showed the officer entering my cell in the early morning hours in violation of department of corrections policies. She told me she could not give me any more details but my complaint is being taken seriously.

26. In the following weeks after the incident, I was interviewed by mental health staff as a part of the PREA guidance. I've been seeing mental health and taking different medications since April 2023 as this incident has caused me so much pain mentally and emotionally. I have a very hard time sleeping at night and functioning throughout the day. This incident has been very stressful for me and my family and I'm still trying to heal mentally and emotionally.

27. PREA regulations and DOC Policy require a zero-tolerance policy against sexual abuse.

4

28. Defendant Thompson as Superintendent at SCI Albion and Defendant Bashor as PREA Coordinator were responsible for ensuring zero-tolerance of sexual abuse at SCI Albion.

29. Defendants Thompson and Bashor should have made sure that policies were followed so that Defendant John Doe couldn't come into my cell and sexually abuse me.

30. Defendants Thompson and Bashor should have made sure that all staff members knew they had to report incidents and suspicion of sexual abuse by staff so that Jane Doe would not have kept quiet about what she knew about John Doe.

## CAUSES OF ACTION

### COUNT I
### Deprivation of the Eighth Amendment Right to Be Free from Cruel and Unusual Punishment
### Defendant John Doe

1. The allegations set forth in each of the preceding paragraphs are incorporated herein by reference.

2. Defendant John Doe violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution by sexually assaulting him.

### COUNT II
### Deprivation of the Eighth Amendment Right to Be Free from Cruel and Unusual Punishment
### Defendants Sawtelle, Bashor, Jane Doe

3. The allegations set forth in each of the preceding paragraphs are incorporated herein by reference.

4. Defendants Thompson and Bashor's failure to enforce policies to prevent sexual abuse of incarcerated people constitute violations of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

5. Defendant Jane Doe's failure to protect Plaintiff from sexual assault violates Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

### COUNT III
### Battery under Pennsylvania Law
### Defendant John Doe

6. The allegations set forth in each of the preceding paragraphs are incorporated herein by reference.

7. Defendant John Doe's intentional touching of Plaintiff in a sexual manner, where he did not consent to the sexual touching, and the sexual touching was harmful and offensive, constitutes battery under Pennsylvania law.

### Count IV
### Negligence under Pennsylvania Law
### Defendants Sawtelle, Bashor, Jane Doe

8. The allegations set forth in each of the preceding paragraphs are incorporated herein by reference.

9. Defendants owed a duty of care to Plaintiff when he was in the care, custody, and control of the DOC.

10. Defendants Thompson and Bashor breached their duty to Plaintiff by failing to have and enforce adequate policies to prevent sexual abuse of incarcerated people.

11. Defendant Jane Doe breached her duty to Plaintiff by failing to protect him from Defendant John Doe's sexual assault.

12. But for the unreasonable acts and omissions of Defendants, Plaintiff would not have been sexually assaulted by Defendant John Doe.

13. The unreasonable acts and omissions of Defendants were a substantial factor in bringing about Plaintiff's injuries.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Nigel Sykes respectfully requests that the Court grant the following relief:

A. An award of compensatory damages against all Defendants;

B. An award of punitive damages against all Defendants;

C. An award of nominal damages on any claim on which no compensatory damages are awarded; and

D. Such other relief the Court deems just and proper.

Nigel Sykes, Plaintiff


DATE: April ___, 2025

7